1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                               AT SEATTLE

8   DOMINI BOONE,
9                          Plaintiff,
10              vs.                                  NO. CV04-604L
11  WASHINGTON DEPARTMENT OF                         ORDER GRANTING MOTION FOR
    SOCIAL AND HEALTH SERVICES, *et al.*,            SUMMARY JUDGMENT
12
                           Defendants.
13

14

15        This matter comes before the Court on the Motion for Summary Judgment (Dkt. # 61)

16  filed by defendants State of Washington, Washington Department of Social and Health Services

17  ("DSHS"), Faye Anderson, Gary Mader, Sandra L. Surface, and Richard Stapp (collectively, the

18  "DSHS Defendants").  For the reasons set forth below, the motion is granted and the claims

19  against the DSHS Defendants are dismissed.

20                                    **I.  BACKGROUND**

21        Ms. Boone has filed a *pro se* complaint against a number of individuals and entities

22  alleging violations of her rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth

23  Amendments to the Constitution.  Ms. Boone's allegations all appear to stem from her divorce

24  from her ex-husband, Richard Lippman, her efforts to obtain custody of her son (referred to in

25  this order as "Z"), and her disputes with the DSHS Defendants over the custody and welfare of

26  Z.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

On January 19, 2001, DSHS filed a dependency petition in Snohomish County Superior Court asserting that Z was abused or neglected and that he had no parent, guardian, or custodian capable of adequately caring for him.  The petition cited the "mother's mental health issues and their impact on the child, mother's non-cooperation with the department and this learning disabled child's need for consistent school program attendance" (Dkt. # 63, Ex. 7 at p. 28) as the basis for its conclusions.  DSHS worker Faye Anderson participated in the filing of the petition.

On January 23, 2001, the Snohomish County Superior Court held a hearing on the dependency petition, which Ms. Boone attended with her attorney.  Also in attendance were Mr. Lippman, his attorney, and an assistant attorney general representing DSHS.  The Snohomish County Juvenile Court placed Z in his father's custody and appointed a guardian ad litem.  Ms. Boone was required to complete a psychiatric evaluation and allowed weekly supervised visits with Z.  Finally, the Snohomish County Superior Court transferred the dependency petition to King County Superior Court, which had jurisdiction over the pending dissolution proceedings between Ms. Boone and Mr. Lippman.

On that same day, Mr. Lippman's attorney filed a petition for a modification of the parenting plan in King County Superior Court.  Citing the dependency petition, the petition asserted that Z's environment under the parenting plan then in place was detrimental to his physical, mental, or emotional health.  The King County Superior Court issued a temporary parenting plan, which placed Z in Mr. Lippman's custody, set a trial date of December 10, 2001, and allowed Ms. Boone supervised visitation.  Mr. Lippman was provided sole decision-making authority over Z.

On March 26, 2001, the dependency petition filed in Snohomish County was dismissed at the request of Gary Mader, the DSHS social worker who had been assigned to the matter.

On March 22, 2004, Ms. Boone filed an application in this Court to proceed *in forma pauperis* (Dkt. # 1).  Her application was granted on April 14, 2004 and her complaint (Dkt. # 6) was entered on the docket on the same day.  In response to an order to show cause, Ms. Boone

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -2-

1   submitted additional statements and allegations relating to her complaint (Dkt. # 9).  In her

2   additional statement, Ms. Boone asserted that "the most substantive portions [of her complaint]

3   revolve around [DSHS] [v]iolating their own statutes as well as my constitutional and civil

4   liberties."  Dkt. # 9 at p. 1.

5          On October 1, 2004, this Court issued an Order Regarding Outstanding Motions (Dkt. #

6   37), which, among other things, dismissed a number of defendants because either 1) no factual

7   allegations had been pled that involved the defendants, 2) the defendants were immune from

8   liability, or 3) the statute of limitations for the actions under 42 U.S.C. § 1983 had lapsed.  See

9   Dkt. # 37 at pp. 3-5.  Ms. Boone's claims against the DSHS Defendants survived.

10         In their motion, the DSHS Defendants assert that (1) Ms. Boone's complaint lacks

11  specific allegations against the individual DSHS Defendants and therefore fails to state a claim

12  on which relief may be granted, (2) the Eleventh Amendment bars suits against both the State of

13  Washington and DSHS; (3) Washington's statute of limitations bars claims raised under 42

14  U.S.C.§ 1983; (4) the individual defendants are social workers who are entitled to immunity

15  from suit; and (5) to the extent that Ms. Boone alleges state tort claims against the DSHS

16  Defendants, those claims must be dismissed for failure to comply with Washington's Tort

17  Claims Act, RCW 4.92.110.[1]

18         In response, Ms. Boone argues that when the DSHS employees forcibly removed Z from

19  her custody on January 19, 2001, they failed to conduct a valid investigation, lacked probable

20  cause, did not act pursuant to an order from a judge, and violated her due process rights as well

21  as unspecified state and federal guidelines and statutes.  She also argues that the DSHS

22  Defendants breached a statutory duty to protect her and Z once DSHS had filed the dependency

23

24         [1]The DSHS Defendants also argue for dismissal because  the core of the dispute involves a custody matter

25  over which the Court should refrain from exercising jurisdiction.  As this Court has previously held, however, Ms.
    Boone has alleged procedural and substantive violations of her constitutional rights that do not necessarily require

26  the adjudication of domestic matters.  See Dkt. # 10, Order Vacating Order to Show Cause.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -3-

1  action.  She asserts that the DSHS Defendants failed in their duties because a reasonable

2  investigation would have shown that Mr. Lippman had four restraining orders issued against him

3  by Ms. Boone.  Further, she claims that "the court" acted negligently when it granted an

4  extension of the "temporary order," presumably the temporary parenting plan.  She argues that

5  the DSHS Defendants' negligence violated her "'inalienable' right to parent, nurture and have

6  custody and control over her own flesh and blood."  Dkt. # 69, p. 3.

### II.  DISCUSSION

8  **A.    Standard of Review.**

9          In determining whether Ms. Boone's claims against the DSHS Defendants should be

10  dismissed under Fed. R. Civ. P. 12(b) for failure to state a claim a court must (1) construe the

11  complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual

12  allegations as true, and (3) determine whether the plaintiff can prove any set of facts to support a

13  claim that would merit relief.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

14  1996).

15          In the summary judgment context, judgment is proper if "the pleadings, depositions,

16  answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

17  there is no genuine issue as to any material fact and that the moving party is entitled to judgment

18  as a matter of law."  Fed. R. Civ. P. 56(c).

19          A court must construe all facts in favor of the party opposing summary judgment.  See

20  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the moving party has

21  demonstrated the absence of a genuine issue of fact as to one or more of the essential elements

22  of a claim or defense, the opposing party must make an affirmative showing on all matters

23  placed at issue by the motion as to which the opposing party has the burden of proof at trial.  See

24  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In such a situation Fed. R. Civ. P. 56(e)

25  "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the

26  'depositions, answers to interrogatories and admissions on file,' designate 'specific facts

1  showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)); see

2  also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)

3  ("When the moving party has carried its burden under Rule 56(c), its opponent must do more

4  than simply show that there is some metaphysical doubt as to the material facts").

5      Although "pro se litigants in the ordinary civil case should not be treated more favorably

6  than parties with attorneys of record," Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986),

7  this Court will nonetheless interpret Ms. Boone's pleadings and submissions liberally in her

8  favor, see Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.), cert. denied, 516 U.S. 838 (1995).

9  **B.      Failure to State a Claim.**

10      The DSHS Defendants argue that the complaint should be dismissed because Ms.

11  Boone's submissions fail to provide the clear, concise statements required under the Federal

12  Rules of Civil Procedure.  Although the Court sympathizes with the difficulty in discerning the

13  basis of Ms. Boone's complaint and the rights she claims have been violated, this difficulty

14  does not justify dismissing the complaint.  Although her pleadings may be difficult to pierce,

15  Ms. Boone has sufficiently alleged violations of constitutional and statutory rights stemming

16  from the DSHS-initiated dependency petition that resulted in her loss of custody of Z.

17      The DSHS Defendants also argue that the individual employees should be dismissed

18  because Ms. Boone has failed to make any allegation directly attributable to the individual

19  defendants.  It is well-settled that in order to state a claim against a named defendant, a plaintiff

20  must allege specific facts about that defendant and identify how that defendant's conduct

21  violated her rights.  Despite numerous opportunities, Ms. Boone has asserted no facts that

22  implicate, or even mention, Sandra Surface or Richard Stapp.  Although this Court must

23  interpret Ms. Boone's pleadings liberally, it cannot supply essential elements that are not

24  pleaded.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Under the

25  circumstances, the absence of any factual allegations against these two individual defendants

26  requires that the complaint be dismissed as to them.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT              -5-

1    A liberal interpretation of the pleadings, however, counsels against dismissing the claims

2    against Ms. Anderson and Mr. Mader under Fed. R. Civ. P. 12(b).  The documents provided by

3    the DSHS Defendants make it clear that Ms. Anderson and Mr. Mader were involved in filing

4    the dependency petition in Snohomish County.  Since the documents relating to the Snohomish

5    County proceeding identify these two, Ms. Boone has stated a claim against them for purposes

6    of Rule 12.

7    **C.    Eleventh Amendment Bar to Claims Against State of Washington and DSHS.**

8         The Eleventh Amendment bars federal court actions for damages brought by a citizen

9    against either the state, a state agency, or a state official acting in her official capacity.  See Pena

10   v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992); Shaw v. California Dept. of Alcoholic Beverage

11   Control, 788 F.2d 600, 603 (9th Cir. 1986) ("a suit against a state agency is considered to be a

12   suit against the state, and thus is barred by the Eleventh Amendment").  As a result, Ms. Boone's

13   claims against the State of Washington and DSHS must be dismissed.  In addition, to the extent

14   that the claims lodged against Faye Anderson and Gary Mader are based on actions they took in

15   their official capacity, those claims must also be dismissed.

16   **D.    Faye Anderson and Gary Mader's Immunity from Suit.**

17        Assuming that she has sued Ms. Anderson and Mr. Mader in their individual capacities, a

18   fair reading of Ms. Boone's submissions to this Court makes it clear that her claims against them

19   stem from their involvement in the dependency proceedings that eventually resulted in Ms.

20   Boone losing custody of Z.  For example, Ms. Boone has asserted that "the most substantive

21   portions [of this lawsuit] revolve around C.P.S. [v]iolating their own statutes as well as my

22   constitutional and civil liberties."  Dkt. # 9 at p. 1.  In her opposition to the motion for summary

23   judgment, Ms. Boone focuses almost entirely on the "process" begun when DSHS took Z from

24   her custody on January 19, 2001.

25        It is well-settled that with regard to claims brought under 42 U.S.C. § 1983, "social

26   workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -6-

1    with the initiation and pursuit of child dependency proceedings." Meyers v. Contra Costa Co.

2    Dept. of Social Services, 812 F.2d 1154, 1157 (9th Cir.), cert. denied, 484 U.S. 829 (1987).  In

3    addition, a social worker enjoys "absolute immunity for 'quasi-judicial' actions in the context of

4    child welfare proceedings, such as the execution of a court order." Caldwell v. LeFaver, 928

5    F.2d 331, 333 (9th Cir. 1991).

6         Based on the documents available to the Court, the conduct of Faye Anderson and Gary

7    Madder regarding Z's dependency proceedings have the requisite connection to the judicial and

8    prosecutorial processes to entitle them to absolute immunity.[2] See Miller v. Gammie, 335 F.3d

9    889, 896 (9th Cir. 2003).  Although Ms. Boone asserts that no judicial order authorized DSHS to

10   take Z into custody, the record reflects otherwise.  On January 19, 2001, DSHS social workers

11   obtained a court order finding that Z's "heath, safety, and welfare will be seriously endangered

12   if not taken into custody." Dkt. # 63, Ex. 7 at p. 28.  It was only after obtaining that order that

13   the social workers removed Z from Ms. Boone's home.[3]  Because the conduct complained of by

14   Ms. Boone directly related to actions taken in initiating and pursuing child dependency

15   proceedings and in executing the court order to take Z into custody, Ms. Anderson and Mr.

16

17

18      [2]Even if these two were not absolutely immune from suit, the Court finds that they would be entitled to
     qualified immunity.  Qualified immunity shields public officials from liability for civil damages so long as their
19   conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would
     have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

20      In determining whether the two defendants enjoy qualified immunity the Court must first ask whether,
     "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's]
21   conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001) (citing Siegert v. Gilley, 500
     U.S. 226, 232 (1991)).  Based on the evidence before the Court, there is no indication that Ms. Anderson or Mr.
22   Mader violated Ms. Boone's constitutional rights.  "If no constitutional right would have been violated were the
     allegations established, there is no necessity for further inquiries concerning qualified immunity," id., and the claims
23   must be dismissed.

24
        [3]Although the Court is required to resolve disputed issues of fact in Ms. Boone's favor, when her
25   unsupported version of the facts is directly contrary to the documented evidence, this Court must credit the facts
     that are supported by credible evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (conclusory
26   allegations unsupported by any documents or other evidence fails to create a triable issue of fact).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -7-

1  Mader are entitled to absolute immunity from the § 1983 claims.  See Coverdell v. Dept. of

2  Social & Health Servs., 834 F.2d 758, 764 (9th Cir. 1987) (holding that "CPS worker be

3  accorded absolute quasi-judicial immunity from liability for damages stemming from the

4  worker's apprehension of a child pursuant to a valid court order").  Ms. Boone's constitutional

5  claims against these defendants for their involvement in the dependency petition and for their

6  enforcement of the court order to take Z into custody must be dismissed.

7  **E.      Ms. Boone's Negligence and Breach of Statutory Duty Claims.**

8          Ms. Boone has asserted that the DSHS Defendants breached statutorily imposed duties

9  and acted negligently in prosecuting the dependency of Z.  These claims must be dismissed as

10 well.  According to Washington's Tort Claims Act, RCW 4.92.110, Ms. Boone was required to

11 first file a claim with the risk management division of Washington's Office of Financial

12 Management and then wait 60 days before she could file her complaint.  Although Ms. Boone

13 did file a claim under the Tort Claims Act, she did so only after filing her complaint in this case.

14 Such a retroactive filing cannot cure the violation of the Tort Claims Act and, accordingly, these

15 negligence claims must be dismissed.  See Schmitz v. State, 68 Wn. App. 486, 490, rev. denied,

16 121 Wn.2d 1031 (1993).

17         In addition, DSHS employees are entitled to immunity from lawsuits challenging their

18 decision for taking a child into custody, so long as the decision is made in good faith.  See RCW

19 26.44.056(3).  Even taking the evidence in the light most favorable to Ms. Boone, there is no

20 legitimate question of fact regarding the conduct of the DSHS employees.  The evidence makes

21 it clear that the decisions of Ms. Anderson and Mr. Mader were made in good faith and that they

22 should be entitled to immunity.

23 **F.      Statute of Limitations Defense.**

24         Because this Court finds that the DSHS Defendants are immune from suit under the

25 Eleventh Amendment and under principals of absolute and qualified immunity, this Court need

26 not address the DSHS Defendants' argument that Ms. Boone's § 1983 claims are barred by

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -8-

1  Washington's statute of limitations.

2  **III.  CONCLUSION**

3       For all the foregoing reasons, the motion for summary judgment (Dkt. # 61) is

4  GRANTED.  The claims asserted against the State of Washington, the Department of Social and

5  Health Services, Faye Anderson, Gary Mader, Sandra Surface, and Richard Stapp are

6  DISMISSED.

7

8       DATED this 9th day of May, 2005.

9

10

11                                              Robert S. Lasnik
                                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26