yes
.
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINI BOONE,

    Plaintiff,

vs.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. C04-604L

ORDER DENYING MOTION TO INTERVENE

    On April 18, 2005, Shian A. Toure Rashid, the grandmother of plaintiff Domini Boone, filed a "Motion for Order of Intervention" (Dkt. # 78). For the reasons set forth below, Ms. Rashid's motion is denied.

    Although Ms. Rashid clearly has a strong desire to see her grandson returned to the custody of Ms. Boone, she has failed to meet the requirements for intervention as of right under Fed. R. Civ. P. 24(a).[1] Rule 24(a) requires that "1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the

---

[1] Fed. R. Civ. P. 24(a) states in relevant part:
Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

1 disposition of the action may, as a practical matter, impair or impede the applicant's ability to
2 protect that interest; and (4) the applicant's interest must not be adequately represented by the
3 existing parties in the lawsuit." <u>Ministry of Def. & Support for The Armed Forces v. Cubic Def.
4 Sys.</u>, 385 F.3d 1206, 1212-1213 (9th Cir. 2004). Ms. Rashid's motion is untimely because it was
5 filed more than three months after the deadline for filing a motion to intervene had passed and
6 more than a month after discovery had closed. In addition, Ms. Rashid's familial interests are
7 adequately represented by her daughter, Ms. Boone.

8 Furthermore, Ms. Rashid will not be permitted to intervene under Fed. R. Civ. P. 24(b)[2]
9 since her intervention at this stage of the dispute will unduly delay the adjudication of the rights
10 of the original parties.

11 For the foregoing reasons, Ms. Rashid's "Motion for Order of Intervention" (Dkt. # 78) is
12 DENIED.

14 DATED this 12th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2]Fed. R. Civ. P. 24(b) states in relevant part:
Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

ORDER DENYING MOTION
TO INTERVENE                                -2-