1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DOMINI BOONE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | CASE NO. C04-604L<br><br>AMENDED ORDER DENYING MOTION TO INTERVENE |
|---|---|

This Court's Order Denying Motion to Intervene (Dkt. # 83) is STRICKEN and REPLACED with the following amended order:[1]

On April 18, 2005, Shian A. Toure Rashid, the grandmother of plaintiff Domini Boone, filed a "Motion for Order of Intervention" (Dkt. # 74). For the reasons set forth below, Ms. Rashid's motion is denied.

Although Ms. Rashid clearly has a strong desire to see her grandson returned to the custody of Ms. Boone, she has failed to meet the requirements for intervention as of right under Fed. R. Civ. P. 24(a).[2] Rule 24(a) requires that "1) the application for intervention must be

---

[1] This amended order corrects a clerical error in the prior order. The prior order incorrectly referred to Ms. Rashid's motion as Dkt. # 78 in the docket report when, in fact, her motion is listed as Dkt. # 74. In all other respects, the order remains unchanged.

[2] Fed. R. Civ. P. 24(a) states in relevant part:
Upon timely application anyone shall be permitted to intervene in an action . . . when the

AMENDED ORDER DENYING MOTION
TO INTERVENE

1  timely; (2) the applicant must have a 'significantly protectable' interest relating to the property
2  or transaction that is the subject of the action; (3) the applicant must be so situated that the
3  disposition of the action may, as a practical matter, impair or impede the applicant's ability to
4  protect that interest; and (4) the applicant's interest must not be adequately represented by the
5  existing parties in the lawsuit." <u>Ministry of Def. & Support for The Armed Forces v. Cubic Def.</u>
6  <u>Sys.</u>, 385 F.3d 1206, 1212-1213 (9th Cir. 2004).  Ms. Rashid's motion is untimely because it was
7  filed more than three months after the deadline for filing a motion to intervene had passed and
8  more than a month after discovery had closed.  In addition, Ms. Rashid's familial interests are
9  adequately represented by her daughter, Ms. Boone.

10       Furthermore, Ms. Rashid will not be permitted to intervene under Fed. R. Civ. P. 24(b)[3]
11  since her intervention at this stage of the dispute will unduly delay the adjudication of the rights
12  of the original parties.

13       For the foregoing reasons, Ms. Rashid's "Motion for Order of Intervention" (Dkt. # 74) is
14  DENIED.

15       DATED this 17th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

applicant claims an interest relating to the property or transaction which is the subject of
the action and the applicant is so situated that the disposition of the action may as a
practical matter impair or impede the applicant's ability to protect that interest, unless the
applicant's interest is adequately represented by existing parties.

[3]Fed. R. Civ. P. 24(b) states in relevant part:
Upon timely application anyone may be permitted to intervene in an action . . . when an
applicant's claim or defense and the main action have a question of law or fact in common.
. . . In exercising its discretion the court shall consider whether the intervention will
unduly delay or prejudice the adjudication of the rights of the original parties.

AMENDED ORDER DENYING MOTION
TO INTERVENE                    -2-